Dear Senator Bradshaw:
This is in response to your opinion request which asks the following question:
 "Is a mutual assessment company, which has been licensed by the Director of Insurance under the provisions of Sections 383.010
through 383.040 Revised Statutes of Missouri, for the purpose of providing medical malpractice insurance to its assessed members, required by law to become a member of the Missouri Insurance Guaranty Association, and to pay premiums and assessments to such association, as are provided in Section 375.785, Revised Statutes of Missouri?"
We believe that the following statutes should be considered in connection with our response.
Section 375.785.1, RSMo Supp. 1975, in part states:
 "1. There is created a nonprofit unincorporated legal entity to be known as the `Missouri Insurance Guaranty Association', hereinafter referred to as `association'. All insurers defined as member insurers in subsection 3 shall be and remain members of the association as a condition of their authority to transact insurance in this state. . . ."
Additionally, Section 375.785.2, RSMo Supp. 1975, states:
 "2. This section shall apply to all kinds of direct insurance, except life, accident and sickness, title, surety, disability, credit mortgage guaranty, and ocean marine insurance." (Emphasis added)
Section 375.785.3 (4), RSMo Supp. 1975, states in part:
 "(4) `Member insurer' means any person who writes any kind of insurance to which this section applies, including the exchange of reciprocal or interinsurance contracts, and is licensed by the division of insurance to transact insurance in this state, except an insurer which was insolvent on September 28, 1971. . . ."
Chapter 383, V.A.M.S., provides for the establishment of a medical malpractice association under an assessment plan. There is nothing within this chapter that would lead us to believe that such association is a life, accident and sickness, title, surety, disability, credit mortgage guaranty, or ocean marine insurer. Thus, we believe that Section 375.785.2, RSMo Supp. 1975, applies to a medical malpractice insurance association wherein it provides that this section shall apply to all kinds of direct insurance except life, accident and sickness, title, surety, disability, credit mortgage guaranty, and ocean marine insurance. The language of the statute is therefore mandatory in that specific mention of certain types of insurance companies is to the exclusion of those which are not mentioned under the principle of expressio unius est exclusioalterius, 82 C.J.S. Statutes § 333. We believe that rules of construction require that we give meaning to the clear language of this section. Consequently, under Section 375.785.1, RSMo Supp. 1975, as a condition of its authority to transact insurance business in this state, a mutual assessment malpractice association under Chapter 383, V.A.M.S., is required to be a member insurer of the Missouri Insurance Guaranty Association.
CONCLUSION
It is the opinion of this office that a medical malpractice assessment association under Chapter 383, V.A.M.S., is required to become a member of the Missouri Insurance Guaranty Association and to pay premiums and assessment to such association as required by law.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Yours very truly,
 JOHN ASHCROFT Attorney General